IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1997 SESSION

FILED

March 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9701-CR-00009 |
| | ) | |
| | ) | Bradley County |
| v. | ) | |
| | ) | Honorable James C. Witt, Judge |
| | ) | |
| BERLIN COOLEY, JR., | ) | (Driving under the influence, fourth |
| | ) | offense) |
| Appellee. | ) | |

For the Appellant:                          For the Appellee:

Charles W. Burson                          Kenneth L. Miller
Attorney General of Tennessee              P.O. Box 191
    and                                    Cleveland, TN 37364-0191
Michael J. Fahey, II
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Jerry N. Estes
District Attorney General
    and
Rebble S. Johnson
Assistant District Attorney General
203 E. Madison Avenue
Athens, TN 37303-0647

OPINION FILED:_____

REVERSED AND REMANDED

Joseph M. Tipton
Judge

**O P I N I O N**

The state of Tennessee appeals as of right from the Bradley County Criminal Court's dismissal of a case primarily charging the defendant, Berlin Cooley, Jr., with driving under the influence (DUI), fourth offense. The trial court ruled that further prosecution after the defendant was held for eight hours without bond at the time of his arrest would be in violation of the Double Jeopardy Clause. The state contends that the trial court erred in that the eight-hour detention did not constitute punishment for double jeopardy purposes and that, in any event, the detention was not for the same conduct for which he was arrested and charged. Pursuant to the holding in State v. Pennington, 952 S.W.2d 420 (Tenn. 1997), we are required to reverse the trial court and remand the case.

The record on appeal contains sparse evidence of what occurred in the trial court in this case. It shows that the defendant was charged in one indictment with DUI, fourth offense, driving with a suspended or revoked license, and driving with improper motor vehicle registration. The remaining relevant facts are contained in the trial court's dismissal order as follows:

> Upon considering the stipulations of the State and the defendant, the Court finds that the defendant, Berlin Cooley, upon his arrest, was held for a period of eight (8) hours, before he was allowed to make bond. The Court further finds that the Bradley County Sheriff's Department holds all persons arrested for D.U.I. for this eight-hour period, pursuant to a "blanket policy." No individual determination is made as to whether it is safe to release an individual, prior to expiration of the eight-hour period, nor likewise whether it is unsafe to release an individual at the end of eight hours. The Court finds that defendant Berlin Cooley's sister arrived at the jail approximately one (1) hour after the defendant's arrest, with a bondsman, to post bail, and was told to come back in seven (7) hours. According to the stipulation, defendant's sister is a reliable and responsible person to have taken custody of defendant. The Court further finds that defendant's automobile had been towed and impounded.
>
> Based upon the above stipulations and findings of fact and pursuant to State v. Pennington, No. 01C01-9307-PB-

2

> 00219, Court of Criminal Appeals of Tennessee, at Nashville, 1996 WL 38107 (Tenn. Crim. App. 1996), the Court is of the opinion that such "blanket" holding period is punitive in nature, unless decided upon a case by case basis by an impartial magistrate. Since the defendant has already been punished, it would be a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as well as a violation of Article 1, Section 10, of the Tennessee Constitution to now try him upon this cause.

The trial court's holding is consistent with the holding of the trial court in Pennington that was affirmed by this court.

In Pennington, the trial court dismissed a DUI and driving with a revoked license indictment. The trial court concluded that Pennington's detention under a local policy of holding a DUI arrestee for twelve hours if he or she refused a breath-alcohol test implicated the right against double jeopardy regarding any further prosecution.

However, our supreme court reversed the trial court and this court in Pennington and reinstated the charges. It concluded that Pennington's detention for safety reasons was based upon a remedial purpose and not a punitive one. Therefore, it held that the double jeopardy clause did not bar further prosecution after the twelve-hour detention. Pennington, 952 S.W.2d at 423. Also, it stated that the detention could not, in any event, be construed as punishment for the DUI, given the fact that it occurred only upon a refusal to take a breath test. Id.

We infer from the record in the present case that the policy was in place for safety reasons. We also believe that the trial court's concerns dealt with, in part, the fact that persons who were not safety risks were being held for the same period of time when they were arrested for DUI. In this respect, we understand that concerns about the rights to bail, equal protection, and due process may be warranted, particularly in the context of whether the detention, i.e., loss of liberty, of all DUI arrestees for eight hours is sufficiently tailored to meet the legitimate government

3

interest at stake without unduly intruding upon a fundamental right. However, as our supreme court indicated in <u>Pennington</u>, any such concerns do not implicate the Double Jeopardy Clause so as to bar further prosecution. 952 S.W.2d at 423.

In consideration of the record before us and the existing case law, we conclude that the state may proceed with the charges against the defendant. The judgment of the trial court is reversed and the case is remanded for further action as warranted.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
Curwood Witt, Judge